AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
DEC 14 2022
MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

An Apple iPhone 7 (Subject Telephone #1)
An Apple iPhone 14 (Subject Telephone #2)

)
)
)  Case No. 22-1871 MR
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

An Apple iPhone 7 and iPhone 14, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 933 and 932 | Transfer of or conspiracy to transfer a firearm to another person if possession of the firearm by recipient would constitute a felony and purchase of or conspiracy to purchase a firearm on behalf of a person prohibited from possessing firearms. |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Marcus Robinson, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___electronic submission and telephonic swearing___ *(specify reliable electronic means)*.

Date: December 14, 2022

*Judge's signature*

City and state: Las Cruces, New Mexico

Stephan M. Vidmar, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, see **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device(s) (referred to in **Attachment B** and **Attachment C** as "Subject Telephone #1" and "Subject Telephone #2" to include any SIM cards found in or with the Subject Telephone(s)). This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### Subject Telephone #1

Subject Telephone #1 is a black iPhone, which was seized from Stephen Smith on December 2, 2022, in Las Cruces, New Mexico. Subject Telephone #1 is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives located in Las Cruces, New Mexico, and is depicted in the photographs below:



### Subject Telephone #2

Subject Telephone #2 is a blue iPhone, which was seized from Alejandro Garcia on December 2, 2022, in Las Cruces, New Mexico. Subject Telephone #2 is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives located in Las Cruces, New Mexico, and is depicted in the photographs below:



## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, wherever located and in whatever format, stored on the device(s) described in **Attachment A** that are related to violations of 18 U.S.C. § 933, 932(b)(1), and 932(b)(3), by Stephen Smith and Alejandro Garcia including:

1. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of customers, distributors, sources of supply, and other associates of the user of Subject Telephone #1 and Subject Telephone #2;

2. Audio and video calls made to or from the Subject Telephone #1 and Subject Telephone #2, along with the duration and date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on, Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

4. The content of voice mail messages and audio and video messages stored on Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

5. Photographs or video recordings;

6. Information relating to the schedule, whereabouts, or travel of the user of Subject Telephone #1 and Subject Telephone #2;

7. Information relating to other methods of communications, including the contents of those communications, utilized by the user of Subject Telephone #1 and Subject Telephone #2, and stored on Subject Telephone #1 and Subject Telephone #2;

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned Subject Telephone #1 and Subject Telephone #2, such as social media accounts, email addresses, messages,

location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT C
## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Marcus Robinson, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

## AGENT BACKGROUND

2. Your Affiant, Marcus Robinson, is a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since April 24, 2022. Prior to April, your Affiant was employed by the Bureau of Diplomatic Security (DS) as a Special Agent from July 14, 2013, through April 23, 2022. As part of the training to become a Special Agent, your Affiant attended six months of specialized training sponsored by the Federal Law Enforcement Training Center in Glynco, Georgia. As a result of this training, your Affiant has been certified as a federal investigator and has received specific training involving violations of federal laws. Your Affiant has also received ATF specific training in the determination of probable cause and in the use of warrants and complaints to enforce federal firearms laws. Your Affiant is currently assigned to the Las Cruces, New Mexico Field Office.

3. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the

investigation, and review of reports written by other agents and other evidence and materials concerning the investigation.

4. Through my training and experience, I know that firearms traffickers often maintain one or more cellular or smart phones which they utilize to further firearms trafficking activities. Firearms traffickers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members, including their suppliers, distributors, and other co-conspirators. I know, based upon my training and experience, that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the acquisition, storage, transportation, and distribution of firearms.

5. I also know that some devices utilize subscriber identity module ("SIM") cards. A SIM card is a chip that is used to authenticate a device to a network. The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information. The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another. While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards. Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card. Accordingly, information pertaining to firearms trafficking activity may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

6. I further know from my training and experience that a cache of information concerning firearms trafficking activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, SnapChat. I know that the identities, telephone numbers, and usernames of other participants involved in firearms trafficking activity are often maintained in contact lists on these devices, including in third-party social media and other applications. In my experience, firearms traffickers also use these devices to take and store photographs or video recordings of themselves, including with their co-conspirators and with contraband including narcotics, currency, and firearms. Firearms traffickers also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged firearms trafficking related activities or travel, as well as establishing identity of the user of the device based on the locations frequented. In addition, firearms traffickers can also use these devices to store information related to the financial transactions related to firearms trafficking, such as financial accounts and transactions. In my experience, the devices used by firearms traffickers often contain evidence relating to their firearms trafficking activities including, but not limited to, contact lists, lists of recent call activity, messages, voicemails, photographs and video recordings, GPS and location information, and financial accounts and records.

## **PROBABLE CAUSE**

7. The following information is based upon my personal knowledge as well as information provided by other federal, state or local officers and is presented as probable cause to search a black in color Apple iPhone 7, Model A1660, FCC ID: BCG-E3085A, with Verizon service, and any SIM card or other storage media contained therein (Subject Telephone #1); blue in color Apple iPhone 14, Model A2649, with AT&T service (Subject Telephone #2). Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search Subject Telephone #1 and Subject Telephone #2 for evidence of violations of 18 U.S.C. § 933, 18 U.S.C. § 932(b)(1), and 18 U.S.C. § 932(b)(3).

8. On December 2, 2022, at approximately 11:00 A.M., Las Cruces Police Department (LCPD) Officers responded to a call from a Federal Firearms Licensee (FFL) in Las Cruces, NM, regarding a suspected straw purchaser. LCPD Officers encountered Alejandro GARCIA and Stephen SMITH inside of a White, 2016 Chevy Traverse with New Mexico License Plate BDNF52. At the same time, a separate group of LCPD Officers encountered Victoria HERRERA, owner of the Chevy Traverse, inside of the FFL attempting to purchase a Glock, Model 44, .22 LR caliber pistol. SMITH and HERRERA matched the names of two individuals involved in a suspected straw purchasing scheme based on a November 16, 2022, referral from ATF Industry Operations.

Your Affiant and two other ATF Special Agents (S/A) were called to the scene by LCPD and arrived at approximately 12:15 P.M. Upon arrival your Affiant was provided a copy

of a Firearms Transaction Record (ATF Form 4473) dated August 31, 2022, regarding a failed attempt by SMITH to purchase a Glock Model 44, .22LR caliber pistol due to a background check failure. Additionally, the FFL provided five copies of ATF Form 4473s for HERRERA. One ATF Form 4473 was dated November 7, 2022, for the successful purchase of a Taurus 9mm caliber pistol to HERRERA. One ATF Form 4473 was dated November 8, 2022, for the attempted purchase of a FNH .45 ACP caliber pistol to HERRERA. Three ATF Form 4473s were dated December 2, 2022, for the attempted transfer of a Glock Model 44, .22LR caliber pistol.

On the scene, HERRERA, having been duly advised of her Miranda Rights, waived her rights to your Affiant and another ATF Special Agent. Subsequently, HERRERA provided written and verbal consent to search her vehicle, identified as the White Chevy Traverse with New Mexico License Plate BDNF52, her Michael Kors Purse, her gold iPhone 14 Pro Max, and her 8th generation iPad. During the search of HERRERA's purse, your Affiant discovered four gift cards (three MasterCard and one Visa). During the search of HERRERA's vehicle, your Affiant and two other ATF Special Agents discovered a SIG Sauer P365 9mm caliber pistol loaded with eleven rounds of 9mm ammunition. A subsequent National Crime Information Center (NCIC) check of the SIG Sauer P365 revealed the weapon to have been reported stolen on November 28, 2022.

After SMITH, GARCIA, and HERRERA were transported to LCPD Headquarters at 217 E Picacho Ave, Las Cruces, NM 88001, your Affiant and another ATF Special Agent initiated a custodial interview of HERRERA at approximately 3:00 P.M. on December 2, 2022. The interview was audio and video recorded. During the interview, HERRERA stated that she had picked up GARCIA and SMITH from an address on Nevada

Avenue in Las Cruces on the morning of December 2, 2022. HERRERA also admitted to purchasing a Taurus 9mm pistol for SMITH on November 7, 2022, attempting to pick-up a FNH .45 ACP caliber pistol on November 8, 2022, that had been purchased by SMITH, and attempting to purchase a Glock 44 .22 LR caliber pistol on December 2, 2022. HERRERA claimed that the gift cards recovered from her purse were given to her by SMITH to pay for the Glock 44 pistol.

A review of HERRERA's immediate text message history indicated she had been speaking with someone about how to pay for the weapon. HERRERA stated that the number she had been texting belonged to GARCIA, owner of Device 2. HERRERA stated that GARCIA gave her specific information on which gun to purchase from the FFL for SMITH.

At approximately 4:21 P.M. on December 2, 2022, your Affiant and another ATF Special Agent conducted a custodial interview of SMITH who had already been duly advised of and waived his Miranda Rights to LCPD Officers. SMITH stated that the SIG Sauer P365 9mm pistol seized from HERRERA's vehicle belonged to him. SMITH admitted to being a routine user of controlled substances, specifically Fentanyl, and struggling with addiction. SMITH also stated he traded Fentanyl for the SIG Sauer P365 pistol. SMITH stated that he had arranged for HERRERA to purchase or pick-up weapons for him on three occasions, November 7, November 8, and December 2, 2022. SMITH stated that he had asked HERRERA to purchase or pick-up the weapons because he knew she was not prohibited from possessing firearms, and HERRERA agreed.

At approximately 5:25 P.M. on December 2, 2022, prior to the start of a custodial interview, GARCIA, having been duly advised of his Miranda Rights, waived his rights to your

Affiant and another ATF Special Agent. GARCIA confirmed that HERRERA picked up GARCIA and SMITH from 1702 Nevada Avenue, Las Cruces, NM, on the morning of December 2, 2022. GARCIA stated that he had spent the night at the 1702 Nevada Avenue address and SMITH, his cousin, arrived early in the morning. GARCIA stated that at approximately 10:00 A.M., SMITH indicated a desire to go pick-up a weapon from the FFL. GARCIA confirmed HERRERA drove the three of them to the FFL. GARCIA stated that he told HERRERA which gun to purchase before she went into the store. GARCIA confirmed to ATF Special Agents that he had instructed HERRERA how to use the gift cards to purchase the firearm while she was inside the store.

9. Based upon the information contained in this Affidavit, there is probable cause to believe that Subject Telephone #1 and Subject Telephone #2 contain evidence of violations of 18 U.S.C. § 933, 18 U.S.C. § 932(b)(1), and 18 U.S.C. § 932(b)(3).

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

10. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

11. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how Subject Telephone #1 and Subject Telephone #2 were used, the purpose of their use, who used Subject Telephone #1 and Subject Telephone #2, and when. There is probable cause to believe

that this forensic electronic evidence might be on Subject Telephone #1 and Subject Telephone #2 because:

    a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

12. **Nature of examination.** Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of Subject Telephone #1 and Subject Telephone #2 consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the

entire medium, that might expose many parts of Subject Telephone #1 and Subject Telephone #2 to human inspection in order to determine whether it is evidence described by the warrant.

13.     *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

14.     Based on the above information, there is probable cause to believe that evidence of violations of 18 U.S.C. § 933, 18 U.S.C. § 932(b)(1), and 18 U.S.C. § 932(b)(3) are located in Subject Telephone #1 and Subject Telephone #2. Therefore, I respectfully request that this Court issue a search warrant for Subject Telephone #1 and Subject Telephone #2, more particularly described in Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

Marcus Robinson
Special Agent

Electronically submitted and telephonically
sworn to before me on December 14, 2022:

Stephen M. Vidmar
United States Magistrate Judge